IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL R. LONG, LOUIS HOCH AND TERRI A. HUNTER, | § § § |
| PLAINTIFFS | § § |
| v. | § CIVIL ACTION NO. SA-07-CA-0362-XR § |
| HARBOR PAYMENTS, INC. | § § |
| DEFENDANT | § |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Michael Long, Louis Hoch and Terri Hunter, file this First Amended Complaint Defendants, Harbor Payments, Inc., and state:

### I.
### FACTUAL BACKGROUND

1.  Plaintiffs are current or former shareholders and officers of Payment Data Systems, Inc. ("PDS"), formerly know as Billserv, Inc. ("BLLS"), a company headquartered in San Antonio.

2.  In 2003, BLLS sold certain assets to business assets to Harbor. In order to protect its interests in the acquired assets, Harbor sought the execution of certain non-competition and restrictive covenants agreements by Plaintiffs. In consideration for Plaintiffs' execution of these agreements, Harbor granted each of the Plaintiffs options to acquire stock in Harbor at a fixed price. These options were granted by written stock option agreements (the "Option Agreements"), effective July 25, 2003.

3.  The Option Agreements provided that Plaintiffs' options would be fully vested on July 23, 2004. The Option Agreements further provided that the options will terminate on January 1,

2013, if not sooner exercised. No term of the Option Agreements permitted Harbor to cancel the options unilaterally. Moreover, at no time prior to the execution of the Option Agreements or the non-competition agreements, were Plaintiffs informed that the options could be purportedly cancelled under the 2000 Stock Incentive Plan (the "Incentive Plan"). In fact, Ashish Bahl, the President and CEO of Harbor, represented to Plaintiffs that the options could not be terminated prior to January 1, 2013. In repeated conversations with Plaintiff Louis Hoch, Mr. Bahl never mentioned or hinted that the Incentive Plan allowed Harbor to cancel the options prior to this date.

4.       The Option Agreements required Harbor to provide Plaintiffs with a copy of the Incentive Plan. Harbor breached the Option Agreement by failing to provide the Incentive Plan to Plaintiffs. Harbor also intentionally withheld from Plaintiffs the existence of a First Amendment to the Incentive Plan (the "First Amendment"), which purportedly gave Harbor to unilaterally terminate the options upon the occurrence of any reorganization, merger, consolidation or other form of corporate transaction in which either Harbor did not survive or if the stock of Harbor was exchanged for or converted into another security. Under the First Amendment to the Incentive Plan, Harbor was required to provide Plaintiffs with a reasonable amount of time prior to the closing date of any corporate transaction in which to exercise their options. Assuming the First Amendment affected Plaintiffs' options, Harbor failed to provide Plaintiffs with a reasonable amount of time to determine whether or not they wanted to exercise the options.

5.       On or about July 20, 2005, Harbor entered into an Agreement and Plan of Merger with Harbor Payments Holdings, Inc. and Harbor Payments Acquisition Company, Inc. On or about August 1, 2005, Plaintiffs received notice of this proposed transactions via a letter from Ashish Bahl, the Chief Executive Office of Harbor. Pursuant to the terms of this letter, Plaintiff had only twenty-one days to exercise their options. After receiving this letter, Plaintiff, Terri Hunter called Bob J.

Goldberg, Harbor's former Vice President, General Counsel and Secretary. Mr. Goldberg represented to Ms. Hunter that Plaintiffs had a right to obtain a valuation of their options, which was necessary for them to determine whether the options should be exercised. Following her conversation with Mr. Goldberg, Ms. Hunter contacted Harbor's new General Counsel, who informed her that Plaintiffs' request for a fairness valuation would be presented to the Harbor Board. The Harbor Board rejected Plaintiffs' request and Plaintiff Hunter was informed that Harbor had no intent of making a distribution to Plaintiffs or any other employees that previously left the company. Therefore, on August 23, 2005, Plaintiffs' retained counsel sent a formal request for a valuation to Mr. Bahl. Plaintiffs never received any response to this demand and Harbor purported to cancel their Options.

6. Harbor's conduct not only violated the Option Agreement, but was also in violation of the provisions of the Incentive Plan unaffected by the First Amendment. Harbor's conduct forced Plaintiff to file this action.

### III.
### CAUSES OF ACTION

A. **BREACH OF CONTRACT.**

7. Paragraphs "1" through "6" of this First Amended Original Complaint are incorporated herein by reference as if set forth verbatim.

8. Harbor breached the terms of the Options Agreements and anticipatorily repudiated its contractual obligation by unilaterally cancelling the options granted to Plaintiffs. Harbor also breached the Incentive Plan by failing to provide Plaintiffs with the notice required prior to any purported cancellation of their options. As a result of Harbor's breach of the Option Agreements and the Incentive Plan, Plaintiffs have sustained damages in excess of this Court's minimal jurisdictional limits.

B.  **FRAUD.**

9.  Paragraphs "1" through "8" of this Original Petition are incorporated herein by reference as if set forth verbatim.

10.  Harbor, through Mr. Bahl and others, made misrepresentations of material fact and failed to disclose material information to Plaintiffs regarding the Option Agreements and the options granted therein in order to induce Plaintiffs to sign the Option Agreements. Plaintiffs relied on the representations of Harbor in executing the Option Agreements. Harbor also made material misrepresentations regarding Plaintiffs' right to a valuation of the options in order to induce Plaintiffs to delay a decision on the exercise of options that were fully vested and not scheduled to expire until 2013. Harbor intended that Plaintiffs rely on the false statements of Harbor in making the decision to request a valuation from Harbor. Plaintiffs relied on the false representations to their detriment. As a result of the fraud committed by Harbor, Plaintiffs sustained damages in excess of this Court's minimal jurisdictional limits.

C.  **DECLARATORY JUDGMENT.**

11.  Paragraphs "1" through "10" of this Original Petition are incorporated herein by reference as if set forth verbatim.

12.  Plaintiffs and Harbor are parties interested under written contracts, the Option Agreements.

13.  Harbor's unilateral termination and cancellation of the Option Agreements and Plaintiffs' options created uncertainty about the respective contractual rights of the parties. As a result, a real and substantial justiciable controversy exists between the parties. Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Plaintiffs ask this Court enter judgment declaring:

    **a.**    That Harbor did not have the right to terminate the Option Agreements or to cancel Plaintiffs' options;

    **b.**    Harbor's purported cancellation and termination of the Option Agreements and Plaintiffs' options was of no force or effect; and

    **c.**    That the Option Agreements are valid and binding agreements, enforceable in accordance with their terms.

## IV.
## ATTORNEYS' FEES

14. Plaintiffs' seek the recovery of their attorneys' fees incurred in this matter pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

## V.
## REQUEST FOR EXEMPLARY DAMAGES

15. Plaintiffs seek an award of exemplary damages against Harbor for its willful and malicious conduct in an amount to be determined by the trier of fact.

## VI.
## CONDITIONS PRECEDENT

16. Plaintiffs aver in accordance with Texas Rule of Civil of Procedure 54 that all conditions precedent to their recovery herein have occurred or have been performed.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that they be awarded judgment:

    a. For their actual damages resulting from Harbor's breach and repudiation of the Option Agreements in an amount to be found by the jury;

    b. For their actual damages resulting from Harbor's fraud;

    c.  Declaring that:

        i. Harbor did not have the right to terminate the Option Agreements or to cancel Plaintiffs' options;

        ii. Harbor's purported cancellation and termination of the Option Agreements and Plaintiffs' options was of no force or effect; and

        iii. The Option Agreements are valid and binding agreements, enforceable in accordance with their terms.

    b.  For prejudgment and post-judgment interest at the highest rates allowed by law;

    c.  For their attorneys' fees and costs of court; and

    d.  For any other or further relief, at law or in equity, to which they justly are entitled.

Respectfully submitted,

By: *[signature]*
Eric A. Pullen
State Bar No. 24007881
**PULMAN, CAPPUCCIO & PULLEN, L.L.P.**
2161 N.W. Military Highway
Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Telecopier: (210) 982-1610

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October 2007, a true and correct copy of the above and foregoing has been transmitted in accordance with the requirements of the Federal Rules of Civil Procedure, addressed as follows:

### *Via Certified Mail, Return Receipt Requested:*

L. Bradley Hancock
Lionel Martin
**GREENBERG TRAURIG LLP**
1000 Louisiana, 18th Floor
Houston, Texas 77002

Michael J. King
**GREENBERG TRAURIG, LLP**
Suite 400, The Forum
3290 Northside Parkway
Atlanta, Georgia 30327

_____
Eric A. Pullen